*S. D. Parker,* for the Commonwealth.

*G. T. Bigelow & G. Bemis,* for the defendant.*

COMMONWEALTH *vs.* ROBERT HARLEY & another.

An averment, in an indictment for a conspiracy, that the defendants conspired to defraud A., is not supported by proof that they conspired to defraud the public generally, or any individual whom they might meet and be able to defraud.

INDICTMENT for a conspiracy. The first count alleged that Robert Harley and Philenia Harley, "devising and intending one Stephen W. Marsh of his goods and chattels to cheat and defraud, on the 29th day of October 1842, at Boston, did unlawfully and fraudulently conspire, combine, confederate and agree together, the said Stephen W. Marsh of his goods and property, to wit, one piano forte, of the value of $250, to cheat

---

Commonwealth *v.* Harley & another.

and defraud by getting the same into their hands and possession, upon trust and credit, and then to dispose of the same, and of their other property, so as to prevent said Marsh from getting payment therefor." The second count alleged that the defendants, on said 29th of October 1842, " did unlawfully conspire," &c. " fraudulently to acquire and get into their hands and possession a certain piano forte, of the value of $250, being the property of one Stephen W. Marsh, and under color of buying the same fairly, and upon trust and credit, from the said Marsh, with intent to cheat and defraud him thereof; and in pursuance of said unlawful and fraudulent conspiracy, said Robert applied to said Marsh to purchase the same piano forte, upon credit, for one P. Harley, and represented said P. Harley to be a man, doing business," &c. " and that said P. Harley wanted to purchase said piano forte for a man he had dealings with, and to be bartered for boots and shoes ; and that said P. Harley was a solvent man and in good credit in Boston," &c. ; " and in further pursuance of said unlawful conspiracy, said Philenia Harley made and subscribed two promissory notes, payable to said Marsh, for the price of said piano forte, one payable in goods, and the other payable in cash, in six months ; and said Robert, in pursuance of the same unlawful conspiracy, represented and spoke of said P. Harley, at the time of the delivery of said promissory notes, which said Robert delivered to said Marsh, as a capitalist and man of property ; and having, in manner aforesaid, in pursuance of said unlawful conspiracy, obtained the delivery by said Marsh of said piano forte into their hands and possession, upon trust and credit, said Philenia, in pursuance of said fraudulent conspiracy, there afterwards, on the 31st day of October 1842, made and executed a fraudulent mortgage deed of said piano forte to said Robert, which deed was to be void on the payment by said Philenia to said Robert of $5800, according to the condition of a promissory note given by her to him, and dated on the 14th day of July 1841, and payable in ten months from date, with interest; and in pursuance of said conspiracy, said Robert received said fraudulent deed of mortgage, and caused the same to be recorded

according to law on the same day, and there afterwards fraudu lently converted said piano forte to his own use ; he the said Robert, and the said Philenia, being both of them poor persons, insolvent and unable to pay their debts, and the said Philenia mentioned to said Marsh by said Robert, as aforesaid, was not a man, in good credit, but was a woman, poor and insolvent, and so known to be by herself and said Robert ; and all the aforesaid representations and doings were made, done and performed by said Robert and Philenia, in pursuance of their aforesaid unlawful conspiracy, with intent him, the said Stephen W. Marsh, of the said piano forte to cheat and defraud, and he hath been thereof cheated and defrauded by them," &c.

At the trial, in the municipal court, the jury were instructed, " that in order to convict the defendants of the offence charged in the indictment, it was not necessary to prove that they united or agreed together to cheat the said Marsh in particular ; but that if the jury were satisfied, beyond any reasonable doubt, from the evidence in the case, that the defendants did unite and agree together to cheat the public generally, or any individual whom they might meet and be able to defraud, and if, in pursuance of such unlawful agreement, the said Robert did procure the said Philenia to make and deliver to him, and she did make and deliver to him, the two promissory notes mentioned in the indictment, to enable him to carry such unlawful agreement into effect, and he received the same, with intent to use them for the purpose of cheating the said Marsh, and defrauding him of a piano forte ; and if thereupon the said Robert, in further pursuance of said unlawful agreement, and by the aid and with the use of said notes, did in fact cheat and defraud the said Marsh of a piano forte, as set forth in said indictment, then the offence charged against the defendants was made out, although it should not appear that the said Philenia knew that said Marsh was the particular individual to be defrauded, or that the defendants had united and agreed together to perpetrate this particular fraud on him."

The jury returned a verdict against the defendants, who thereupon filed exceptions to the said instructions.

*Goodrich,* for the defendants.

*S. D. Parker,* for the Commonwealth.

Dewey, J. The defendants insist that the instruction given to the jury was erroneous in point of law. The general' rule of the common law requires that every indictment should contain a description of the crime with which the party is charged, and a statement of the facts sufficiently minute and particular to identify the precise offence for which the party is to be put on his trial. So too, it is well settled that the government must prove every statement that enters into the substance of the charge, and becomes a material averment. 1 Chit. Crim. Law, 169, 556.

In the present case, it was undoubtedly competent to have charged a conspiracy to cheat and defraud the public generally, as was held in *Commonwealth* v. *Judd,* 2 Mass. 329. But giving the greatest latitude to that decision, it would only establish the proposition, that this indictment would have been well maintained had it alleged the conspiracy to have been entered into with the intention to defraud the public generally. Alleging the offence in that form obviates entirely the objection of variance which arises in the present case. But here the allegation is not of an intention to defraud the public generally, but it is specifically charged as a conspiracy to defraud Stephen W. Marsh ; and the question is, therefore, whether evidence of a conspiracy by defendants to cheat the public generally, or any person who might fall in their way and thus be made to suffer from the conspiracy, will support an indictment charging, as this does, the special and particular purpose of the conspiracy to have been to defraud Stephen W. Marsh. Looking at the question in this light, and applying to the case the familiar rules of the criminal law, we cannot avoid coming to the result, that there was a variance, between the allegations and the proof, that was fatal to the maintaining of the indictment. As already remarked, there was no necessity of making any allegation in the indictment of an intent to defraud any particular individual, and especially since the enactment of the Rev. Sts. *c.* 127, § 14, providing that it shall be sufficient to allege an intent to defraud,

43 *

without naming the particular person intended to be defrauded. The government having elected to set forth in the indictment a special intent to defraud Stephen W. Marsh, as the object of the conspiracy on the part of both the conspirators, Philenia Harley and Robert Harley, that allegation was a material one, and the government was bound to establish it by proof. But that allegation could not be established by proof that the defendants conspired and agreed together to cheat the public generally, or any individual whom they might be able to defraud. Such fact of a conspiracy to cheat Stephen W. Marsh cannot be said necessarily to result, nor can it be legally inferred, from the fact of a conspiracy to cheat the public generally, or any person whom they might meet. Such being the case, the exceptions must be sustained.                    *New trial granted.*